Why don't we move to the next case on the docket. You're here for Donnie Holland and Donnie Holland v. Carnival Corporation. Mr. Bohr is also here for Carnival. Why don't you proceed with your argument in this case, Mr. Schwartz? You have a few more facts here than you had in Neubauer. Yes, the complaint is slightly different. There is additional information listed in the complaint, again, based on observations of the environment. We have a number of bars in the area, a specific number or an estimate of the number of passengers who traverse the stairs, which hundreds. The environment is full of bars and restaurants, not just one. There are crew members in surrounding shops. The crew members in the surrounding shops have a clear view. The shops have been open for a number of hours before the slip-and-fall happened. So, yes, there are additional facts based, again, on Mr. Holland's observations and what is known about the environment of the cruise ship. But, again, Mr. Holland, like any other plaintiff, doesn't have access to the ship after disembarkation. Well, you have that there were crew members there who were in a position to observe for a sufficient duration of time, but unlike in Plott, for example, he did not tell us in the complaint the duration of time that the slippery or wet substance was there. And what's also missing, according to Carnival, are any facts regarding similar prior incidents. Why is the absence of those fatal to your complaint? I don't believe it is. Priors are one way of proving constructive notice, certainly not the only way, and prior incidents are information that's in the possession of the cruise line. The cruise line has those records. We may or may not, by happenstance, depending on previous experience in these cruise line cases, may or may not know of a specific prior incident in a specific ship in a specific environment, but there's certainly no one-bite rule to create an inference of constructive or actual notice. That's certainly not the law. Notice, pleading, and proof of should not depend on happenstances, such as an exciting crew member happening to make an admission, which happens occasionally but occur in a specific place on a specific cruise ship. That may happen occasionally, but it's happenstance. If we get that type of evidence, that's not usually what's available. Now, as far as the specific duration the substance had been present, what we have is shops have been open for a number of hours. We specified the number of hours. We specified the traffic in the area, and taking the facts pled and drawing inferences most favorable to the plaintiff, which is another aspect of Ashcroft and Timberley that it applies. We draw the inference favorable to the plaintiff that sometime during that four-hour period, this bill happened. Now, we do not have the videos. The problem is the sometime. We're really left not just as an inference but really to speculate on when that is. As the district court, I'm going to butcher the quote a little bit, but I believe as the district court said, it could be five seconds, five minutes, or five hours. We don't know. Because we don't know, we're left to speculate, which is exactly what the Supreme Court has told us we can't or shouldn't do at the pleading stage. If it's five seconds, that matters a lot. Because if there were 100 crew members around watching as this happens, so assuming a crew members were there for four hours at the shops watching that staircase where the slip and fall happened, if it was five seconds, it's unreasonable to ask for anyone to take corrective measures in that particular period of time if the slip happens five seconds after the spill. I think you would agree with that. But if it's there for 30 minutes or 15 minutes, and a crew member sits there and watches and does nothing, then that would be unreasonable and an inference that there would be constructive notice that someone should know and should have done something. So I go back to the question. I have the exact same question that Judge Wilson asked you, which is, don't we need some indication, some plausible inference that could be made of the amount of time, not just that there were crew members around? Well, I think you could make a plausible inference just from the allegation that this event, the passengers going up and down the stairs to access various bars and restaurants, had been going on for this period of time, that the shops had been open for four hours, I believe is the statement in the complaint, and that, therefore, crew members had been present for that period of four hours and watching the stairs. I think that's everything you said is, I think, exactly right. But it's that last little step that Judge Wilson asked you about, which is how long the wet and slippery substance had been on the floor for the crew members to observe or should have observed. That is, I think, the missing piece. Well, if you're looking for a specific period of time in advance of pleading the complaint, how is a passenger going to get that? From video, which the cruise line has, and which we cannot access. Mr. Schwartz, did you say in the complaint that there are frequently spills on the staircase? Yes, I did. Okay, well, that, I mean, is that, I mean, are you, could that be a substitute for duration? Frequent spills on the staircase? And that Carnival was aware of the frequent nature of prior slip and fall incidents on the staircase. Isn't that a better argument to make that I can't get information with regard to duration? Well, we can get information with regard, and we did plead that information with regard to Carnival being aware that there are frequent spills on the area, and that's backed up by the other information included in the complaint about the nature of the area, the number of passengers traversing it, the environment being surrounded by bars and restaurants. For prior incidents, though, to qualify, have we not said in our case law that the incidents need to be substantially similar? I think that's exactly the terminology that we've used. Substantially similar does not mean exactly the same. Right, right, so is there a pleading that the spills were, the prior incidents were substantially similar to that which the plaintiff, Mr. Holland, slipped on? Well, yes, we can't give details about any of the prior incidents. Well, I'm not asking for details. I'm even asking, as I understand it, it simply says that there were frequently spills in the past and there were prior incidents. Does that even allege that those incidents were substantially similar, and what substantial similarities there were between the uh, taking drinks to and from bars and restaurants? Uh, there was, I don't, the, what Judge Wilson just read to you didn't say that the prior spills happened from drinks being taken back and forth on the staircase from, from, uh, for, for passengers or not. I don't believe that's what it alleges in the complaint. Show me which paragraph alleges exactly what you just said. Okay. We do allege that in paragraph 14, which is where we have page 3 and 4 of the complaint, I'm looking at it right now. Yes. Does there are frequently spills on the staircase, a fact that Carnival is aware of due to the frequent nature of prior slip and that's it? Well there's more, a little more to it than that. Uh, there is. We have several hundred passengers and crew members traverse the stairway every day, many of whom are carrying drinks. But the question, but the question was, because I don't see it here, is there an allegation that as a result of these, uh, drinks that are being, uh, taken up and down by, I guess, crew members and or passengers, that as a result of it there have been slip and falls on this staircase? Uh, yes. The sentence is there are frequently spills on the staircase, a fact that Carnival is aware of due to the frequent nature of prior slip and fall incidents on this staircase. Crew members in the surrounding can see spills as they happen and can see foreign substances left on the staircase by spills. And then we go on. Is the staircase, the staircase goes up and down the ship, is the staircase that that's referred to there the, the particular stairs between the fifth and fourth floors? Yes, we say that too. The glass staircase described in paragraph 13 connects deck five to deck four is one of the most highly trafficked areas of the ship. We don't have to explain why. I'm talking about the reference to the prior incidents. It's not to, it's not to the portion of the staircase at the between the fourth and fifth floor or the portion that's traversed all the time. Well, it's this staircase. So, uh, the staircase and this refers to the glass staircase described in paragraph 13. So it is the staircase on which the slip and fall happened. Um, of course we're not addressing what might happen on the staircase in other parts of the ship. We are talking about a reasonable inference from the language of the complaint is that we're talking about this specific area of this specific staircase where the specific slip happened. And as I've just read to you, there's abundant information in paragraph 14 of the complaint, particularly about the environment, about the surroundings, about the opportunity to observe, about the source of the spill, about the frequent nature and recurring nature of those spills, which is another source of constructive notice. But where's, where's the allegation on the source of the spill? I, I know you say that there's drinks that are carried. At no time do I read an allegation that those are the source or that a drink carried on a tray is what spilled there. Well, uh, we have passengers carrying drinks as they browse the various shops or frequently spills on the staircase. So a fact that the carnival is aware of due to their frequent nature of prior slip and fall incidents on the staircase. So I think a reasonable inference from the language in the complaint is that the passengers carrying drinks up and down the staircase as they browse the various shops are the source of the spills in the prior cases and in Mr. Holland's case. Why would you not allege that the way you just clearly and articulately said that here, Mr. Schwartz, why would you not put that statement in the complaint? The statement is what it is. So I think you can draw a reasonable inferences from the complaint. Perhaps the language is not crisply clear perfect, although I believe it supports reasonable inferences that the passengers were the source of the spills. And I don't necessarily have to plead a telephone book in every complaint. I mean, we did plead a lot in paragraph 14. So I think we pled enough to meet the plausibility standard and to support reasonable inferences drawn in favor of the plaintiff from facts, which is what Ashcroft intuitively require that Mr. Holland slipped on a spilled drink and that surrounding crew members had the opportunity if they had been exercising reasonable care to detect the spill and either clean it up or warn passengers before the spill happened. All right, Mr. Swartz, you're over your time. You've reserved some time for a bubble. Let's hear from Mr. Moore. Thank you, Your Honor. May it please the court. We submit that the district judge applied the proper principles and arrived at the correct results. The legal standards, the legal arguments are arguments based thereon are the same. So I'm going to spare the panel having to listen to me do a rehash of what we talked about. And I'm going to try to go to why we think the deficiencies in the amended complaint exist here. The allegations in the amended complaint regarding notice are just really a string of speculative possibilities. Well, let me ask you this before, because there does appear to be. I mean, this is this is a little different. I'm looking at the alleges column is a little different. And this is a pretty significant injury that I'll sustain. And he says that all material times there existed a hazardous condition. And he says on the glass stairs from the fifth deck to the fourth deck of the horizon to wet water or a wet, slippery substance, transient substance on the stairs. So he does specify that the liquid was there on the glass stairs from the fifth deck to the fourth deck. He says there are frequently spills on the staircase. He says that carnival is aware of it due to the frequent nature. And he says there are prior slip and fall incidents on the staircase. And he also says this is one of the most highly trafficked areas of the ship. And then finally, he says there were crew members there, dozens of crew members, staff there who were in a position to observe. I mean, those are significantly more facts than in the in order. Well, Judge, Judge Wilson, but let's, let's examine where those facts take us, or more importantly, where they don't. And where and why Judge Scola was correct in concluding plaintiff fails to state a claim upon which relief can be granted. Let's work backwards from your last statement about the presence of the crew members. Okay, we have nothing, for example, like in plot, an allegation from the plaintiff saying that it was the duty of the crew members to be aware of the conditions on the stairs. No allegation like that, that distinguishes this from plot. Second, as Judge Luck has alluded, this is a staircase that runs between two decks. It is in the center of a lobby. The stores where these crew members are alleged to be are around the perimeter of the upper lobby. So from a factual perspective, we don't have enough from the plaintiff to establish that these crew members, A, had a duty to be monitoring what's going on in the stairs, as opposed to conducting operations in the shops. Nothing to that effect. B, that these crew members from their vantage points in the shops could see the stairs and those are absent facts. Basically, what we have is a series of speculative possibilities. Now, we've strung together more factual statements that we did in Neubauer, but we don't have the core factual allegation establishing what's required in this instance for constructive notice, the existence of a condition for a sufficient interval of time to invite corrective measures. That's very clearly what's required substantively here. We don't have those allegations. We have facts that skirt all around it from the perspective of possibility, but we don't have it zeroed in on the notion of taking it over the line to plausibility. And that's why Judge Scola was correct in concluding the plaintiff fails to state a claim upon which I appreciate your questions, because I was kind of scared of boring the panel with a rehash of everything I already said. But I think that right there exactly demonstrates why the district court should be affirmed. Oh, wait a minute now. He still has Mr. Ward still has 10 minutes left. You know what? I've learned the hard way just because I have the time. I maybe shouldn't use it all. I bored you all pretty much already. I don't want to add to the process. Well, I think we've got the arguments. We've got the arguments. I figured you do. Thank you, Mr. Ward. Thank you, Your Honor. And Mr. Schwartz, you have reserved some time for a very brief rebuttal. First point, as has been stated over and over again, this morning, the cruise line is a different environment from a land based operation. There's really no opportunity for investigation to obtain records, witnesses, video pictures. All the passenger has, in most cases, excursions are a little different, as was pointed out earlier, is what the passenger can observe at the time while distracted by the need to tend to the injury. Secondly, I'd like to point out that as a practical matter, the defense, particularly in Holland and in Neubauer too, has enough information to understand what the allegations of notice are going to be and to defend the case. And if it turns out after a little bit of case development, that there really isn't. But Iqbal and Twombly aren't a notice standard. That's how it used to be. That was how it was in the Conley era. What the Supreme Court said in Iqbal and Twombly is that the discovery, civil discovery, has become so onerous on all sides and so expensive that only those claims where someone plausibly alleges that something happened with sufficient facts, not just a conclusory statement, are we going to get through the gateway of discovery? And until then, discovery doesn't happen. In fact, based on that language, district courts, as you know, often will stay discovery until a motion to dismiss that's well taken is decided. Because really, that's the issue that Iqbal and Twombly were concerned about. So it doesn't seem to me that it's a matter of notice to the defense. Certainly, they have notice of what happened or didn't happen. The question is simply, did the plaintiff do what it's supposed to have done based on the allegations that they've Well, I think in paragraph 14 and 13 of our complaint in Holland, we did that we put together facts which are not merely possibilities, but which when viewed in the light most favorable to the plaintiff, which is also included in the Ashcroft and Twombly standard, do state a plausible claim of notice, not necessarily an absolutely iron clad case at the outset. But that's not what Twombly requires. It's not what Ashcroft requires. What's required is plausibility. And we've certainly in this Holland case, played ample to warrant a plausible inference of notice and a reasonable expectation that we will prevail and obtain the necessary information in discovery, which is also in the stated in Twombly. So with that, Your Honor, I will conclude my argument. All right. Thank you, Mr. Schwartz and Mr. Moore. Thank you. Thank you both. Have a good day.